## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, et al.,<br><br>Plaintiffs<br><br>v.<br><br>Glen Amador, et al.,<br><br>Defendants | Case No.: 2:20-cv-01840-JAD-NJK<br><br>**Order Granting Notice of Dismissal, Denying Motion to Maintain Seal, and Closing Case**<br><br>[ECF Nos. 11, 12] |

Plaintiff-relators brought this qui tam action on behalf of the United States, the state of Nevada, and the state of California against defendants for allegedly fraudulent Medicare and Medicaid claims under the Federal False Claims Act (FCA).[1] The United States, Nevada, and California (the government) have stated an intention not to intervene, so the plaintiff-relators move to voluntarily dismiss their action.[2] The government consents to the dismissal.[3] I therefore dismiss this case with prejudice as to the plaintiff-relators and without prejudice as to the government plaintiffs.

Plaintiff-relator Charlita Teagues also moves to maintain the seal on this case to retain her anonymity.[4] The government opposes to the extent Teagues requests this seal under the FCA's sealing provisions but takes no position on whether the seal should remain under the court's discretionary authority.[5] It also asks that its ex-parte motion for an extension of time to consider whether to intervene remain under seal because it reveals information concerning the

---

[1] ECF No. 1.
[2] ECF No. 11.
[3] ECF No. 13.
[4] ECF No. 12.
[5] ECF No. 13.

government's investigation.[6] Because I find that neither party has provided reasons sufficient to maintain the seal on any filing, I deny these requests and unseal this case in its entirety.

## Discussion

FCA complaints are initially filed under seal for "at least 60 days" to allow the government time to determine whether it wishes to intervene and proceed with the action.[7] "[T]here is nothing in the FCA suggesting that the initial seal was imposed to protect the identity of the relator or that qui tam complaints in which the Government decides not to intervene should be permanently sealed."[8] Indeed, the 60-day seal provision "was intended in main to protect the Government's interests" by allowing private actors to file civil suits without alerting defendants to a pending federal criminal investigation before the government had a chance to investigate.[9] The FCA's sealing provisions thus do not support permanently sealing this case to protect Teagues's anonymity.

Courts considering whether to maintain a seal on an FCA case after the government decides not to intervene have determined that "the statute necessarily invests the court with the authority to either maintain the filings under seal" and analyze the motion under the traditional test for sealing judicial records.[10] "The public has a 'general right to inspect and copy public

---

[6] *Id.*

[7] 31 U.S.C. § 3730(2).

[8] *U.S. v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 784–85 (E.D. Mich. 2008); *see also, e.g.*, *U.S. ex rel. Grover v. Related Cos., LP*, 4 F. Supp. 3d 21, 27 (D.D.C. 2013); *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) ("FCA cases are brought with the expectation that the pleadings will eventually be unsealed.").

[9] *State Farm Fire and Cas. Co. v. U.S. ex rel Rigsby*, 137 S. Ct. 436, 443 (2016).

[10] *United States ex rel. Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wash. 2004); *see also, e.g.*, *U.S. ex rel. Brasher v. Pentec Health, Inc.*, 338 F. Supp. 3d 396, 401 (E.D. Penn. 2018); *U.S. ex rel Campie v. Gilead Scis., Inc.*, 2014 WL 12929889, at *3–5 (N.D. Cal. Aug. 4, 2014); *Grover*, 4 F. Supp. 3d at 25–29.

records and documents including judicial records and documents.'"[11] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[12] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[13] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[14]

Teagues's counsel states "upon information and belief" that Teagues was previously married to one of the individual defendants, that the defendant has a history of domestic abuse and stalking, and Teagues fears further abuse from him if he learns of her participation in this action.[15] Teagues's allegations, stated only upon information and belief and unsupported by an affidavit or other material evidence,[16] are insufficient to overcome the strong presumption in favor of access to court records. I thus deny Teagues's motion to maintain the seal on this case.

I also find that the government has not demonstrated compelling reasons to maintain the seal on filings that it claims "discuss[] the content and extent of the investigation."[17] Courts, under their discretionary authority, have maintained the seal on FCA filings that disclose

---

[11] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

[12] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[13] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[14] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[15] ECF No. 12 at 3–4.

[16] The only evidence Teagues attaches to support her motion is a printout of a Nevada Department of Corrections record indicating that the defendant was convicted of attempted battery and domestic violence about 16 years ago. ECF No. 12 at 11.

[17] ECF No. 13 at 3. The government also failed to file a separate motion seeking the relief it requests, as required by Local Rule IC 2-2(b).

"confidential investigative techniques" or "information [that] could jeopardize an ongoing investigation."[18]  I have reviewed the motion the government seeks to keep sealed and am satisfied that it does not reveal any sensitive information that would compromise any future investigations if unsealed.[19]  Indeed, the motion merely regurgitates information contained in the complaint, which will not remain sealed.[20]  The only additional information the government provides is that it began its investigation and scheduled interviews of the plaintiff-relators.[21]  The government has not provided compelling reasons to maintain the secrecy of that information.

IT IS THEREFORE ORDERED that Teagues's **motion to maintain seal [ECF No. 12] is DENIED**.  The Clerk of Court is directed to **UNSEAL** this case.

IT IS FURTHER ORDERED that plaintiff-relators' **notice of voluntary dismissal [ECF No. 11] is GRANTED**.  This action is dismissed with prejudice as to relators Charlita Teagues, Sherryl Williams-Jones, and Dorothy Hayes and without prejudice as to the United States, the State of Nevada, and the State of California.  The Clerk of Court is directed to **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 25, 2022

---

[18] *U.S. by Dep't of Defense v. CACA Intern. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995).

[19] *See, e.g.*, *Erickson*, 339 F. Supp. 2d at 1126–27 (denying motion to maintain seal on government documents because they "contain no information that could compromise a future investigation, such as explanations of specific techniques employed or specific references to ongoing investigations"); *U.S. ex rel Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) (denying motion to maintain seal, noting that the FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as the case proceeds" and that "the statute necessarily invests the court with authority to preserve secrecy of such items or make them available to the parties").

[20] *Compare* ECF No. 7 at 3–4 (government's motion to extend time) *with* ECF No. 1 (plaintiff-relators' complaint).

[21] ECF No. 7 at 5.